**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, LLC, <br> BAKER HUGHES HOLDINGS, LLC <br><br> *Plaintiff*, <br><br> v. <br><br> NOV INC., <br> REEDHYCALOG, L.P., <br> REEDHYCALOG, LLC <br> REEDHYCALOG INTERNATIONAL HOLDINGS, LLC <br><br> *Defendants*. | Civil Action No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Baker Hughes Oilfield Operations, LLC ("BHOO") and Baker Hughes Holdings, LLC ("BHH") (collectively the "Baker Hughes Plaintiffs" or "Plaintiffs"), by and through their undersigned counsel file this Complaint and demand for a jury trial seeking relief for patent infringement against Defendants NOV, Inc. ("NOV" or "Defendant NOV"), ReedHycalog, L.P., ReedHycalog, LLC, and ReedHycalog International Holdings, LLC (ReedHycalog, L.P., ReedHycalog, LLC, and ReedHycalog International Holdings, LLC (collectively "the ReedHycalog Defendants") (collectively "Defendants") for infringement of U.S. Patent No. 8,794,356 ("the '356 Patent"), U.S. Patent No. 9,303,461 ("the '461 Patent"), and U.S. Patent No. 10,450,807 ("the '807 Patent") (collectively the "Asserted Patents"). The Baker Hughes Plaintiffs allege the following, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

1

## NATURE OF ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, specifically including 35 U.S.C. § 271.

## THE PARTIES

2.      Plaintiff, Baker Hughes Oilfield Operations LLC, is a limited liability company organized and existing under the laws of California with its principal place of business at 575 N. Dairy Ashford, Suite 100, Houston, Texas 77073.

3.      Plaintiff, Baker Hughes Holdings, LLC, is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 575 N. Dairy Ashford, Suite 100, Houston, Texas 77073.

4.      The Baker Hughes Plaintiffs are global leaders in the energy industry and are innovators in the field of oilfield services and equipment.  For decades, the Baker Hughes Plaintiffs have pioneered advances in technology for onshore and offshore oilfield drilling, including drill bits, drilling fluids, and drilling services.

5.      Upon information and belief, Defendant NOV is a corporation organized under the laws of Delaware. Defendant NOV is registered as a foreign company with the Secretary of State of Texas, with its principal place of business at 10353 Richmond Avenue, Houston, Texas 77042, and is doing business within this judicial district.

6.      Upon information and belief, defendant, ReedHycalog, L.P., is a limited partnership formed under the laws of Delaware, registered as a foreign limited partnership with the Secretary of State of Texas, has a principal place of business at 7909 Oakwood Circle Drive, Houston, Texas 77036, and is doing business within this judicial district.

7.      Upon information and belief, defendant, ReedHycalog, LLC, is a limited liability company formed under the laws of Delaware, registered as a foreign company with the Secretary of State of Texas, has a principal place of business at 350 North St. Paul Street, Dallas, Texas 75201, and is doing business within this judicial district.

8.    Upon information and belief, defendant, ReedHycalog International Holdings, LLC is a limited liability company formed under the laws of Delaware, registered as a foreign company with the Secretary of State of Texas, has a principal place of business at 100 Crescent Circuit, Suite 1600, Dallas, Texas 75201, and is doing business within this judicial district.

9.    Upon information and belief, each of the ReedHycalog Defendants is a subsidiary wholly owned by Defendant NOV as parent.

## JURISDICTION AND VENUE

10.    This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and, more particularly, 35 U.S.C. §§ 271 and 281.

11.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.    This Court has personal jurisdiction over Defendants at least because Defendants have purposefully availed themselves of the privileges, rights, and benefits of the laws of the state of Texas and this District. On information and belief, Defendants have committed acts within this District giving rise to these claims, including by making, selling, and offering to sell infringing products.

13.    Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1400(b) because Defendants, upon information and belief, have regular and established places of business in Smith County and Gregg County, each within the Eastern District of Texas, and, upon information and belief, has committed acts of infringement in this Judicial District. Defendants have a place of business at 2147 Deerbrook Drive, Tyler, TX 75703 where, upon information and belief, Defendants make, use, sell, offer for sale, and store, and import into the United States, products that infringe certain claims of the Asserted Patents.

14.    In addition, NOV posted a job opening to its website that at its 2147 Deerbrook Drive, Tyler, TX location that, upon information and belief, is a facility of the ReedHycalog Defendants, for a Drill Bit Inventory Coordinator, which, upon information and belief, is with the ReedHycalog Defendants, at least as of June 26, 2025. This job involved "addressing bit inquiries

. . . ensur[ing] inventory orders are qualified, driv[ing] drill bit mobility, and prioritize[ing] key products" and "communicat[ing] with and assit[ing] the contact sales team in delivering the products they need to specific customers[.]" Upon information and belief, this job opening concerns at least cutter and drill bit products that include the Accused Products (defined below). A copy of the aforementioned job posting is attached hereto as **Exhibit A.**

## THE ASSERTED PATENTS

15.     The '356 Patent is entitled "Shaped Cutting Elements on Drill Bits and Other Earth-Boring Tools, and Methods of Forming Same." The United States Patent and Trademark Office lawfully and duly issued the '356 Patent on August 5, 2014. The patent is valid and enforceable. BHH is the sole owner by assignment of all right, title, and interest in the '356 Patent. A true and correct copy of the '356 Patent is attached hereto as **Exhibit B**.

16.     The '356 Patent is directed to innovations in the structure and arrangement of cutting elements on earth-boring tools, such as drill bits. Specifically, it discloses a novel earth-boring tool that incorporates both shearing cutting elements and gouging cutting elements, improving drilling efficiency and tool stability. The shearing elements typically have a substantially planar cutting face oriented for shearing the formation, while the gouging elements are positioned rotationally behind the shearing elements and are configured with a non-planar cutting face and a forward rake angle greater than approximately fifteen degrees. This arrangement allows the tool to both shear and gouge the subterranean formation, enhancing performance and durability. The '356 Patent also covers methods for manufacturing these tools and elements.

17.     The '461 Patent is entitled "Cutting Elements Having Curved or Annular Configurations for Earth-Boring Tools Including Such Cutting Elements, and Related Methods." The United States Patent and Trademark Office lawfully and duly issued the '461 Patent on April 5, 2016. The patent is valid and enforceable. BHH is the sole owner by assignment of all right, title, and interest in the '461 Patent. A true and correct copy of the '461 Patent is attached hereto as **Exhibit C**.

18.     The '461 Patent discloses, *inter alia*, a novel earth boring tool comprising cutting elements that are shaped to reduce the phenomenon known as "balling," where cuttings from the formation accumulate on the face of the drill bit, thereby reducing its ability to penetrate the formation. The geometry of the cutting elements of the '461 Patent minimizes the accumulation of cuttings, maintain the bit's cutting efficiency, and improve overall drilling performance. The '461 Patent also includes methods for manufacturing these uniquely shaped cutting elements.

19.     The '807 Patent is entitled "Earth-Boring Tools Having Shaped Cutting Elements." The United States Patent and Trademark Office lawfully and duly issued the '807 Patent on October 22, 2019. The patent is valid and enforceable. BHH is the sole owner by assignment of all right, title, and interest in the '807 Patent. A true and correct copy of the '807 Patent is attached hereto as **Exhibit D**.

20.     The '807 Patent discloses, *inter alia*, a novel cutting element with an enhanced shape and cutting face that improves durability and cutting efficacy. The geometry of the cutting elements described and claimed in the '807 Patent maintain sharpness and effectiveness over time to extend the operational life of the cutting elements and to provide more efficient cutting action during drilling operations.

21.     BHOO possesses all rights to the beneficial use of each of the Asserted Patents through express agreement.

## THE ACCUSED PRODUCTS

22.     Defendants, upon information and belief, make, use, sell, offer for sale, and/or import engineered drill bits and borehole enlargement products used for drilling in the oil and gas industry. Defendants' drill bits include fixed cutter technology that feature polycrystalline diamond compact ("PDC") cutters. Defendants' drill bit products include at least the Pegasus Series Drill Bits, *see, e.g.*, https://www.nov.com/products/pegasus-series-drill-bits, that, upon information and believe, feature a dual-diameter design with two rows of cutters on each blade, one leading and one trailing. The leading row of cutters of each blade pre-fracture ground formations while the trailing row of cutters of each blade drills the pre-fractured rock. Upon information and believe, Defendants began making, using, selling, offering for sale, and/or importing the Pegasus Series Drill Bits in the U.S. at least as early as December 3, 2022, *see, e.g.*, https://web.archive.org/web/20221203163643/https://www.nov.com/products/pegasus-series-drill-bits. An exemplary image of Defendants' Pegasus Series Drill Bit from is shown below:



23.     Defendants also, upon information and belief, make, use, sell, offer for sale, and/or import cutter technology marketed as ION+ Premium Drill Bit PDC Cutter Technology, *see, e.g.*,

https://www.nov.com/products/ion-plus-pdc-drill-bit-cutter-technology. This cutting technology includes at least cutters made at least in part of a polycrystalline diamond compact (PDC) material and include various shaped cutters designed for use with at least Defendants' drill bits, including but not limited to its Pegasus Series Drill Bits, and/or third party drill bits. Upon information and belief, Defendants began making, using, selling, offering for sale, and/or importing its ION+ Premium Drill Bit PDC Cutter Technology in the U.S. at least as early as June 25, 2022, *see, e.g.*, https://web.archive.org/web/20220625204858/https://www.nov.com/products/ion-plus-drill-bit-cutter-technology. An exemplary image of Defendants' ION+ Premium Drill Bit PDC Cutter Technology is shown below:



24.    Defendants also, upon information and belief, make, use, sell, offer for sale, and/or import cutter technology marketed as ION+ Eclipse PDC Cutter Technology, *see, e.g.*, https://www.nov.com/products/ion-plus-eclipse-pdc-cutter-technology. This cutting technology employs a curved cutting face made of polycrystalline diamond compact (PDC) designed for use in, for example, vertical, curve, and lateral drilling applications. Upon information and belief, Defendants' ION+ Eclipse PDC Cutter Technology can be used in combination with at least Defendants' brill bit products, including but not limited to its Pegasus Series Drill Bits, and third

party drill bits. Upon information and belief, Defendants began making, using, selling, offering for sale, and/or importing its ION+ Eclipse PDC Cutter Technology in the U.S. at least as early as March 21, 2025, *see, e.g.*,

https://web.archive.org/web/20250321164641/https://www.nov.com/products/ion-plus-eclipse-pdc-cutter-technology. An exemplary image of Defendants' ION+ Eclipse PDC Cutter Technology is shown below:



25.    Defendants also, upon information and belief, make, use, sell, offer for sale, and/or import cutter technology marketed as ION+ 4DX Cutter Technology, which includes at least Defendants' ION 4D, 4DX, 4DC, and 4DXC shaped cutters, *see, e.g.*, https://www.nov.com/products/ion-4d-cutter-technology. This cutting technology employs a shaped cutting face to minimize surface contact between the cutter and the formation during drilling. Defendants' ION+ 4DX Cutter Technology can be used in combination with at least Defendants' brill bit products, including but not limited to its Pegasus Series Drill Bits, and/or third party drill bits. Upon information and belief, Defendants began making, using, selling, offering for sale, and/or importing its ION+ 4DX Cutter Technology in the U.S. at least as early as September 27, 2020 (at the time marketed under the name ION 4D Cutter Technology), *see, e.g.*,

https://web.archive.org/web/20200927000111/https://www.nov.com/products/ion-4d-cutter-technology. An exemplary image of Defendants' ION+ 4DX Cutter Technology is shown below:



26.     Defendants' products that infringe the '356 Patent (hereinafter "the '356 Accused Products") include at least Defendants' drill bits marketed as the Pegasus Series Drill Bits, alone or in combinations with cutters, which include for example Defendants' cutters and third-party cutters, used, made, sold, offered for sale, or imported, directly or indirectly, by Defendants.  The '356 Accused Products also include at least Defendants' cutter technology, such as the cutters marketed under Defendants' ION+ Premium Drill Bit PDC Cutter Technology brand name, alone or in combination with a drill bit, including for example Defendants' Pegasus Series Drill Bit.

27.     Upon information and belief, Defendants, directly or indirectly through affiliates, subsidiaries, agents, or other representatives, make, use, sell and/or offer for sale '356 Accused Products in the United States, and/or import '356 Accused Products into the United States.

28.     The products that infringe the '461 Patent (hereinafter "the '461 Accused Products") include at least Defendants' cutters marketed as Defendants' ION+ Eclipse PDC Cutter Technology, alone or in combination with a drill bit, which includes for example Defendants'

Pegasus Series Drill Bits and third-party drill bits, used, made, sold, offered for sale, or imported, directly or indirectly, by Defendants.

29.    Upon information and belief, Defendants, directly or indirectly through affiliates, subsidiaries, agents, or other representatives, make, use, sell and/or offer for sale '461 Accused Products in the United States, and/or import '461 Accused Products into the United States.

30.    The products that infringe the '807 Patent (hereinafter "the '807 Accused Products") include at least Defendants' cutters marketed as Defendants' ION 4D Cutter Technology and later as ION+ 4D PDC Cutter Technology, alone or in combination with a drill bit, which includes for example Defendants' Pegasus Series Drill Bits and third-party drill bits, used, made, sold, offered for sale, or imported, directly or indirectly, by Defendants.

31.    Upon information and belief, Defendants, directly or indirectly through affiliates, subsidiaries, agents, or other representatives, make, use, sell and/or offer for sale '807 Accused Products in the United States, and/or import '807 Accused Products into the United States.

## KNOWLEDGE OF THE ASSERTED PATENTS

32.    On May 28, 2025, the Baker Hughes Plaintiffs notified NOV via e-mail of each of the Asserted Patents.

33.    On June 13, 2025, the Baker Hughes Plaintiffs notified NOV via e-mail that its Pegasus Series drill bits, ION+ 4DX cutter technology, and ION+ Eclipse cutter technology (collectively the "Accused Products") practice the inventions disclosed and claimed in the Asserted Patents. The Baker Hughes Plaintiffs attached claim charts to its June 13, 2025, email demonstrating how the Accused Products and/or their manufacture practice the inventions disclosed and claimed in the Asserted Patents. Thus, upon information and belief, NOV has had knowledge of the Asserted Patents and of its infringing behavior since at least as early as the date it received the Baker Hughes Plaintiffs' June 13, 2025, e-mail.

34.    Defendants also have had knowledge of the Asserted Patents and of their infringement thereof since at least the filing of this Complaint.

35.     Despite being notified of its infringement, NOV, upon information and belief, has continued its infringement by continuing to use, make, offer for sale, sell, and import into the United States, the Accused Products.  NOV, upon information and belief, has also continued to induce and contribute to infringement by third parties, such as its customers, by continuing to instruct, encourage, recommend, and direct its customers to use the Accused Products in ways that infringe claims of the Asserted Patents, and by continuing to sell the Accused Products by making, offering to sell, or selling, in the United States, or importing the Accused Products, knowing the same to be especially made or especially adapted for use in infringement of claims of the Asserted Patents. NOV also, upon information and belief, has not changed the designs of the Accused Products into non-infringing designs.

36.     Upon information and belief, the ReedHycalog Defendants similarly have continued their infringement by continuing to use, make, offer for sale, sell, and import into the United States, the Accused Products.  The ReedHycalog Defendants, upon information and belief, have also continued to induce and contribute to infringement by third parties, such as their customers, by continuing to instruct, encourage, recommend, and direct their customers to use the Accused Products in ways that infringe claims of the Asserted Patents, and by continuing to sell the Accused Products by making, offering to sell, or selling, in the United States, or importing the Accused Products, knowing the same to be especially made or especially adapted for use in infringement of claims of the Asserted Patents. The ReedHycalog defendants, upon information and belief, also have not changed the designs of the Accused Products into non-infringing designs.

## FIRST CAUSE OF ACTION
### Infringement of U.S. Patent No. 8,794,356

37.     The Baker Hughes Plaintiffs reallege and incorporate by reference the allegations set forth in the paragraphs above.

38.     Defendants' Pegasus Series Drill Bits, alone or in combinations with cutters, infringe at least claims 19 and 26 of the '356 Patent under at least 35 U.S.C. § 271(a), (b), and (c).

39.      Separately, Defendants' cutter technology, including at least their cutters marketed under Defendants' ION+ Premium Drill Bit PDC Cutter Technology brand name, alone or in combination with a drill bit, infringe at least claims 19 and 26 of the '356 Patent under at least 35 U.S.C. § 271(a), (b), (c).

40.      Upon information and belief, Defendants have and continue to directly infringe multiple claims of the '356 Patent, including for example at least claims 19 and 26, literally and by the doctrine of equivalents, by or through making, using, selling, offering for sale, and/or importing into the United States the '356 Accused Products in violation of 35 U.S.C. § 271(a). A claim chart showing how the '356 Accused Products meet each element of at least claims 19 and 26 of the '356 Patent is attached as **Exhibit E**.

41.      Upon information and belief, Defendants and others, such as Defendants' customers, practice a method of forming an earth-boring tool. As a non-limiting example, Defendants mount a plurality of gouging elements each comprising an at least substantially planar cutting face to at least one blade projecting outwardly from a body of an earth-boring tool such that the at least substantially planar cutting face of each of the plurality of shearing cutting elements is positioned and oriented for shearing a surface of a subterranean formation when the earth-boring tool is rotated under applied force against the subterranean formation when they mount, or cause to be mounted, a plurality of one or more of their ION+ Premium Drill Bit PDC Cutter Technology cutters to a drill bit, such as for example Defendants' Pegasus Series Drill Bit, which is an earth-boring tool. Upon information and belief, Defendants mount a plurality of gouging elements comprising a non-planar cutting face rotationally behind at least one of the plurality of shearing cutting elements on the at least one blade such that the at least one gouging cutting element has a longitudinal central axis angled with respect to a plane perpendicular to the surface of the subterranean formation such that the at least one gouging element has a forward rake angle greater than approximately fifteen degrees and such that the non-planar cutting face is positioned and oriented for at least one of crushing and gouging the surface of the subterranean formation when the earth-boring tool is rotated under the applied force when they mount, or cause to be mounted,

a plurality of their ION+ Premium Drill Bit PDC Cutter Technology cutters to a drill bit, such as for example Defendants' Pegasus Series Drill Bit, which is an earth-boring tool.

42.     Upon information and belief, Defendants have indirectly infringed at least claims 19 and 26 of the '356 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing others, including for example their customers, to directly infringe, literally or by the doctrine of equivalents, at least claims 19 and 26 of the '356 Patent under 35 U.S. § 271(b) by marketing and selling their Pegasus Series Drill Bits, alone or in combination with cutters, knowing and intending that such promotion would induce others to use, make, sell, and/or offer for sale at least their Pegasus Series Drill Bits, alone or in combination with cutters, which embody one or more of the inventions claimed in the '356 Patent.  For example, Defendants instruct their customers of the Pegasus Series Drill Bits, including, but not limited to, through their website, to use the Pegasus Series Drill Bits with cutters and/or to mount cutters onto the Pegasus Series Drill Bits, including for example Defendants' ION+ shaped cutter technology. *See e.g.,* https://www.nov.com/products/pegasus-series-drill-bits.

43.     Upon information and belief, Defendants have indirectly infringed at least claims 19 and 26 of the '356 Patent, by, among other things, contributing to the direct infringement literally or by the doctrine of equivalents,  of others,  including, for example, customers of the Pegasus Series Drill Bits by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of at least claims 19 and 26 of the '356 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, the Pegasus Series Drill Bit, alone or in combination with cutters, is an earth boring tool comprising a body and at least one blade projecting outwardly from the body. *See* Ex. E at pp. 1–3. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, including for example claim 19 of the '356 Patent. Furthermore, such components are a material part of the invention and upon information

and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.

44.    Upon information and belief, Defendants have indirectly infringed at least claims 19 and 26 in this judicial district and elsewhere in the United States by, among other things, actively inducing others, including for example their customers, to directly infringe, literally or by the doctrine of equivalents, claims 19 and 26 of the '356 Patent under 35 U.S. § 271(b) by marketing and selling their cutter technology, including at least their ION+ Premium Drill Bit PDC Cutter Technology, knowing and intending that such promotion would induce others to use, make, sell, and/or offer for sale their ION+ Premium Drill Bit PDC Cutter Technology, alone or in combination with a drill bit, which embody one or more of the inventions claimed in the '356 Patent.  For example, Defendants instruct their customers of the ION+ Premium Drill Bit PDC Cutter Technology, including, but not limited to, through their website, to use the ION+ Premium Drill Bit PDC Cutter Technology with drill bits and/or to mount ION+ Premium Drill Bit PDC Cutter Technology cutters onto a drill bit, including for example Defendants' Pegasus Series Drill Bits. *See e.g.,* https://www.nov.com/products/ion-plus-pdc-drill-bit-cutter-technology.

45.    Upon information and belief, Defendants have indirectly infringed at least claims 19 and 26 of the '356 Patent, by, among other things, contributing to the direct infringement literally or by the doctrine of equivalents, of others, including for example customers of the Defendants' cutter technology, including at least their ION+ Premium Drill Bit PDC Cutter Technology, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '356 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, Defendants' ION+ Premium Drill Bit PDC Cutter Technology includes a plurality of shearing elements and a plurality of gouging elements. *See* Ex. E at pp. 1–6. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, including in

14

practicing for example claim 19 of the '356 Patent. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.

46.     Accordingly, Defendants have infringed and continue to infringe at least claims 19 and 26 of the '356 Patent under at least 35 U.S.C. § 271(a), (b), and (c).

47.     Defendants' infringement of the '356 Patent has been and continues to be deliberate and willful, since at least as early as June 13, 2025, and this is, therefore, an exceptional case warranting an award of enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. §§ 284–285.

48.     On information and belief, Defendants have and will continue to infringe the '356 Patent unless enjoined by this Court.

49.     As a result of Defendants' infringement of the '356 Patent, the Baker Hughes Plaintiffs have suffered monetary damages, and seek recovery, in an amount to be proven at trial, adequate to compensate for Defendants' infringement, but, in no event, less than a reasonable royalty with interest and costs. Defendants' infringement of the Baker Hughes Plaintiffs' rights under the '356 Patent also will continue to damage the Baker Hughes Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## SECOND CAUSE OF ACTION
## Infringement of U.S. Patent No. 9,303,461

50.     The Baker Hughes Plaintiffs reallege and incorporate by reference all allegations set forth in the paragraphs above.

51.     Defendants' ION+ Eclipse PDC Cutter Technology, alone or in combination with a drill bit, infringe at least claims 1, 9, 14, and 19 of the '461 Patent under at least 35 U.S.C. § 271(a), (b), and (c).

52.     Upon information and belief, Defendants have and continue to directly infringe multiple claims of the '461 Patent, including for example claims 1, 9, 14, and 19, literally and by the doctrine of equivalents, by or through making, using, selling, offering for sale, and/or importing

into the United States the '461 Accused Products in violation of 35 U.S.C. § 271(a). A claim chart showing how the '461 Accused Products meet each element of at least claims 1, 9, 14, and 19 of the '461 Patent is attached as **Exhibit G**.

53.     As a non-limiting example, Defendants' ION+ Eclipse PDC Cutter Technology in combination with a drill bit, such as at least Defendants' Pegasus Series Drill Bit, is an earth-boring tool that includes a body and a cutting element attached to the body, such as an ION+ Eclipse PDC Cutter Technology cutter.

54.     Upon information and belief, the ION+ Eclipse PDC Cutter Technology in combination with a drill bit includes a substrate having a front end surface, an opposing back end surface, and at least one side surface extending between the front end surface and the back end surface. Upon information and belief, the ION+ Eclipse PDC Cutter Technology in combination with a drill bit further includes a volume of polycrystalline hard material disposed on the front end surface, the volume of polycrystalline hard material having an annular configuration defining at least one aperture extending through the volume of polycrystalline hard material, the volume of polycrystalline hard material having an average radial width in radial directions perpendicular to a longitudinal axis of the cutting element of 3.0 mm or less.

55.     Upon information and belief, the at least one aperture devoid of solid material and at least partially defining a volume of space within the ION+ Eclipse PDC Cutter Technology has one or more openings through the volume of polycrystalline hard material to the volume of space from the exterior of the ION+ Eclipse PDC Cutter Technology.

56.     Upon information and belief, Defendants have indirectly infringed at least claims 1, 9, 14, and 19 in this judicial district and elsewhere in the United States by, among other things, actively inducing others, including for example their customers, to directly infringe, literally or by the doctrine of equivalents, at least claims 1, 9, 14, and 19 of the '461 Patent under 35 U.S. § 271(b) by marketing and selling at least their ION+ Eclipse PDC Cutter Technology, alone or in combination with a drill bit, knowing and intending that such promotion would induce others to use, make, sell, and/or offer for sale their ION+ Eclipse PDC Cutter Technology, which embody

one or more of the inventions claimed in the '461 Patent. For example, Defendants instruct their customers of the ION+ Eclipse PDC Cutter Technology, including, but not limited to, through their website, to use the ION+ Eclipse PDC Cutter Technology with drill bits and/or to mount ION+ Eclipse PDC Cutter Technology cutters onto a drill bit, including for example Defendants' Pegasus Series Drill Bits. *See e.g.,* https://www.nov.com/products/ion-plus-eclipse-pdc-cutter-technology.

57.    Upon information and belief, Defendants have indirectly infringed at least claims 1, 9, 14, and 19 of the '461 Patent, by, among other things, contributing to the direct infringement literally or by the doctrine of equivalents, of others, including for example customers of the '461 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '461 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, the '461 Accused Products include at least the ION+ Premium Drill Bit PDC Cutter Technology, which includes at least one cutting element. *See* Ex. G at pp. 6–10. These are components of a patented machine, manufacture, or combination, including for example the earth-boring tool of claim 9 of the '461 Patent, or an apparatus for use in practicing a patented process, including in practicing for example claim 14 of the '461 Patent. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.

58.    Accordingly, Defendants have infringed and continue to infringe at least claims 1, 9, 14, and 19 of the '461 Patent under at least 35 U.S.C. § 271(a), (b), and (c).

59.    Defendants' infringement of the '461 Patent has been and continues to be deliberate and willful, since at least as early as June 13, 2025, and this is, therefore, an exceptional case warranting an award of enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. §§ 284–285.

60.    On information and belief, Defendants have and will continue to infringe the '461 Patent unless enjoined by this Court.

61.    As a result of Defendants' infringement of the '461 Patent, the Baker Hughes Plaintiffs have suffered monetary damages, and seek recovery, in an amount to be proven at trial, adequate to compensate for Defendants' infringement, but, in no event, less than a reasonable royalty with interest and costs. Defendants' infringement of the Baker Hughes Plaintiffs' rights under the '461 Patent also will continue to damage the Baker Hughes Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

62.    The Baker Hughes Plaintiffs do not and have not made, offered for sale, or sold in the United States, or imported into the United States, any article embodying or practicing any claims of the '461 Patent. Therefore no limitation on damages and other remedies under 35 U.S.C. § 287 apply to the Second Cause of Action.

### THIRD CAUSE OF ACTION
### Infringement of U.S. Patent No. 10,450,807

63.    The Baker Hughes Plaintiffs reallege and incorporate by reference all allegations set forth in the paragraphs above.

64.    Defendants' ION+ 4DX Cutter Technology, alone or in combination with a drill bit, infringe at least claims 11 and 20 of the '807 Patent under at least 35 U.S.C. § 271(a), (b), and (c).

65.    Upon information and belief, Defendants have and continue to directly infringe multiple claims of the '807 Patent, including for example at least claims 11 and 20, literally and by the doctrine of equivalents, by or through making, using, selling, offering for sale, and/or importing into the United States the '807 Accused Products in violation of 35 U.S.C. § 271(a). A claim chart showing how the '807 Accused Products meet each element of at least claims 11 and 20 of the '807 Patent is attached as **Exhibit H**.

66.    As a non-limiting example, Defendants' ION+ 4DX Cutter Technology in combination with a drill bit, such as at least Defendants' Pegasus Series Drill Bit, is an earth-

boring tool that includes a bit body and a cutting element, such as an ION+ 4DX Cutter Technology cutter.

67.    Upon information and belief, the ION+ 4DX Cutter Technology in combination with a drill bit includes a front cutting surface, an end cutting surface, a first generally planar lateral side surface, a second generally planar lateral side surface, a generally planar back surface on an opposing side of the cutting element from the front-cutting surface, and a cutting edge at an intersection of the end cutting surface and the front-cutting surface.

68.    Upon information and belief, the generally planar back surface intersects the first generally planar lateral side surface and the second generally planar lateral side surface, the end-cutting surface intersects the first generally planar lateral side surface and the second generally planar lateral side surface.

69.    Upon information and belief, an average width of the front-cutting surface measured perpendicularly to an axis of the ION+ 4DX Cutter Technology is less than an average width of the generally planar back surface measured perpendicularly to the axis of the cutting element.

70.    Upon information and belief, Defendants have indirectly infringed at least claims 11 and 20 in this judicial district and elsewhere in the United States by, among other things, actively inducing others, including for example their customers, to directly infringe, literally or by the doctrine of equivalents, at least claims 11 and 20 of the '807 Patent under 35 U.S. § 271(b) by marketing and selling their ION+ 4DX Cutter Technology, alone or in combination with a drill bit, knowing and intending that such promotion would induce others to use, make, sell, and/or offer for sale their ION+ 4DX Cutter Technology, alone or in combination with a drill bit, which embody one or more of the inventions claimed in the '807 Patent.  For example, Defendants instruct their customers of the ION+ 4DX Cutter Technology, including, but not limited to, through their website, to use the ION+ 4DX Cutter Technology with drill bits and/or to mount ION+ 4DX Cutter Technology cutters onto a drill bit, including for example Defendants' Tektonic Drill Bits. *See e.g.,* https://www.nov.com/products/ion-4d-cutter-technology.

71.     Upon information and belief, Defendants have indirectly infringed at least claims 1, 9, 14, and 19 of the '807 Patent, by, among other things, contributing to the direct infringement literally or by the doctrine of equivalents, of others, including for example customers of the '807 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '807 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. For example, the '807 Accused Products include at least the ION+ 4DX Cutter Technology, which includes at least one cutting element. *See* Ex. H at pp. 4–13. These are components of a patented machine, manufacture, or combination, including for example the earth boring tool of claim 11 of the '807 Patent. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.

72.     Accordingly, Defendants have infringed and continue to infringe at least claims 11 and 20 of the '807 Patent under at least 35 U.S.C. § 271(a), (b), and (c).

73.     Defendants' infringement of the '807 Patent has been and continues to be deliberate and willful, since at least as early as June 13, 2025, and this is, therefore, an exceptional case warranting an award of enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. §§ 284–285.

74.     On information and belief, Defendants have and will continue to infringe the '807 Patent unless enjoined by this Court.

75.     As a result of Defendants' infringement of the '807 Patent, the Baker Hughes Plaintiffs have suffered monetary damages, and seek recovery, in an amount to be proven at trial, adequate to compensate for Defendants' infringement, but, in no event, less than a reasonable royalty with interest and costs. Defendants' infringement of the Baker Hughes Plaintiffs' rights

under the '807 Patent also will continue to damage the Baker Hughes Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

76.    The Baker Hughes Plaintiffs do not and have not made, offered for sale, or sold in the United States, or imported into the United States, any article embodying or practicing any claims of the '807 Patent. Therefore no limitation on damages and other remedies under 35 U.S.C. § 287 apply to the Third Cause of Action.

## PRAYER FOR RELIEF

WHEREFORE, the Baker Hughes Plaintiffs respectfully request that judgment be entered in their favor and against Defendants as follows:

a.    Pursuant to 35 U.S.C. § 271, a judgment that Defendants have infringed one or more claims of each of the '356, '461, and '807 Patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

b.    Pursuant to 35 U.S.C. § 283, an injunction enjoining Defendants from infringing one or more claims of each of the '356, '461, and '807 Patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

c.    Pursuant to 35 U.S.C. § 284, an award compensating the Baker Hughes Plaintiffs for Defendants' infringement of one or more claims of each of the '356, '461, and '807 Patents through payment not less than a reasonable royalty on Defendants' sales of infringing products;

d.    Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Defendants' infringement of one or more claims of each of the '356, '461, and '807 Patents in view of the willful and deliberate nature of the infringement;

e.    Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs;

f.    An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284; and

g.      Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Baker Hughes Plaintiffs hereby demand a trial by jury.


DATED:  7/25/2025                    Respectfully submitted,

                                     By:   */s/ Peter J. Chassman*
                                           Peter J. Chassman, Lead Attorney

                                           Texas Bar No. #00787233
                                           1221 McKinney St.
                                           REED SMITH LLP
                                           Suite 2100
                                           Houston, TX 77010
                                           (713) 469-3885 (o)
                                           (713) 702-8213 (m)
                                           pchassman@reedsmith.com

                                           *Counsel for Plaintiffs*
                                           *Baker Hughes Oilfield Operations, LLC and*
                                           *Baker Hughes Holdings, LLC*